# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| CAROL WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV614-041 |
| | ) | |
| STATE OF GEORGIA, | ) | |
| STATESBORO, GEORGIA, | ) | |
| and BULLOCH COUNTY, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDATION

Carol Wilkerson, an abusive *pro se* filer,[1] has commenced yet another facially frivolous lawsuit. And even though she has paid the filing fee, dismissal is appropriate. *Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 at * 2 (11th Cir. Dec. 3, 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a

---

[1] *See, e.g., Wilkerson v. H&S, Inc.*, 438 F. App'x 769, 769-70 (11th Cir. 2011) (to the extent that employee's *pro se* complaint alleging hostile work environment and wrongful termination was construed liberally to allege violations of Title VII, claims were devoid of any supporting factual allegations); *Wilkerson v. Statesboro Police Dept.*, No. CV609-075, 2009 WL 4609603 at * 1 n. 1 (S.D. Ga. Dec. 2, 2009) (collecting 6 prior frivolous cases and warning her about sanctions for future such filings); *see also id.* at * 2 (imposing a $100 frivolity bond).

patently frivolous complaint"); *Jefferson Fourteenth Assocs. v. Woltco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983) (district courts have inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties); *Machulas v. Lanier*, 2013 WL 6795597 at * 1 (S.D. Ga. Dec. 19, 2013) ("Although plaintiff has paid the filing fee and thus is not proceeding under 28 U.S.C. § 1915, a paid complaint that is obviously frivolous does not confer subject matter jurisdiction, and may be dismissed *sua sponte* before service of process.") (quotes, cites and alterations omitted); *Basilio v. Nassau County*, 2013 WL 6145783 *3 (E.D.N.Y. Nov. 21, 2013) (same).

In this case Wilkerson complains of injustice she perceives to have occurred in recent state criminal proceedings against her. Doc. 1 at 5 ("criminal trespass"). She mentions the presiding judge and her defense lawyer by name, and a variety of "Caucasian" harassers (she is, she says, part black and part Native American, doc. 1 at 5), then sues *only* the State of Georgia, Bulloch County (where she is being prosecuted), and the City of Statesboro, Georgia, which is in Bulloch County. She describes a series of perceived personal and legal slights against her, doc. 1 at 5-8, mentions a few people by name (e.g., the presiding judge,

defense counsel), *id.*, and alludes to various unnamed others. Then -- as she has done in her past lawsuits -- she cites a facially inapposite statute as her legal remedy: "Title 34 Family Educational Family Privacy Act (FERPA)."[2] *Id.* at 5. Naming only the city, county and state as defendants, she then demands[3] "$5 million from each defendant with a public apology." *Id.* at 9.

This Court gave Wilkerson a clear warning In *Wilkerson v. MaxWay Dep't Store*, 2009 WL 3481896 at * 2 (S.D. Ga. Oct. 28, 2009) (dismissed as frivolous; she alleged that a retailer violated the Privacy Act of 1974 by accusing her, via local police, of shoplifting). She cannot

> "make a federal case" out of every commercial spat or disagreement, incident, etc., that irks her. It is simply unacceptable to invoke the power of this Court to sue someone merely by opening up a Federal Code volume and willy-nilly picking a statute

---

[2] That statute does not provide a private right of action. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287-91(2002) (no private right of action to enforce FERPA); *Henry v. Universal Technical Institute*, 2014 WL 806835 at * 1 (9th Cir. Mar. 3, 2014).

[3] She evidently believes that those who have offended her are employed by either the city, county, or state, so to her it makes sense simply to sue those entities despite obvious (Eleventh Amendment, sovereign) immunity and other defenses, including the *Heck* bar explained to her in *Wilkerson v. Bulloch County Sheriff's Dep't*, No. CV605-106, doc. 12 (S.D. Ga. dismissed Apr. 12, 2006) (rejecting, under *Heck v. Humphrey*, 512 U.S. 477 (1994), then inmate-Wilkerson's 42 U.S.C. § 1983–based, "false imprisonment" case for failure to state a claim).

> on which to peg jurisdiction. Future frivolous lawsuits will be met with judicial relief aimed at protecting a precious public resource: The federal court system. Staff time and storage space are necessarily consumed by frivolous lawsuits like this. The appropriate deterrence sanction will be employed next time; Wilkerson is hereby forewarned.

*MaxWay*, 2009 WL 3481896 at * 2. The Court reiterated that warning in her *Statesboro Police* case. *Statesboro Police*, 2009 WL 4609603 at * 1. Wilkerson has failed to heed that warning here, where she once again has filed an abusively frivolous lawsuit. Hence, her complaint should be **DISMISSED WITHOUT PREJUDICE**.

But more warranted is here, because a federal court cannot exist as a public resource if the malicious and mentally imbalanced are permitted to bombard it with absurdities. *Burns v. U.S. Dep't of Labor*, No. CV413-261, doc. 12 at 2, 2014 WL 1379982 at * 2 (S.D. Ga. Apr. 8, 2014) ("This Court has a duty to protect itself from frivolous litigation, which is one of the reasons why Fed. R. Civ. P. 11(c)(3) grants courts authority to *sua sponte* impose sanctions."), *adopted*, doc. 17 (S.D. Ga. Apr. 29, 2014). That is why it is armed with the inherent power, Rule 11 authority, and constitutional duty to protect itself from those who "impair its ability to carry out Article III functions." *Procup v.*

4

*Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc).[4] Judges thus have considerable discretion and flexibility in reigning in such litigants. *Id.* at 1074.

Should Wilkseron file any Fed. R. Civ. P. 72(b)(2) Objections to this Report and Recommendation, she should also show the district judge why protective measures should not be undertaken against her. *See, e.g.,* *In re Henderson*, 2014 WL 198996 (S.D. Ga. Jan. 17, 2014) (structuring, in an analogous IFP inmate case, a special handling file managed by one judge to review each new lawsuit, with automatic dismissal if no written ruling issues within 30 days of each complaint's filing).

**SO REPORTED AND RECOMMENDED** this 5TH day of June, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] Every lawsuit or paper filed with the Court, no matter how frivolous or repetitious, requires the investment of the Court's time and imposes a burden on its limited resources. *In re McDonald*, 489 U.S. 180, 184 (1989); *Procup*, 792 F.2d at 1072. The Court has the responsibility of ensuring that those resources "are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. at 184. That goal is not furthered when the Court tolerates repeated filings from a litigant alleging frivolous claims, for the continual processing of such a flood of frivolous litigation from a single litigant necessarily "encroach[es] on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074.