UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| CAROL WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CV614-041 |
| STATE OF GEORGIA, | ) | |
| STATESBORO, GEORGIA, | ) | |
| and BULLOCH COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After the Eleventh Circuit remanded this case, doc. 18, the Court granted *pro se* plaintiff Carol Wilkerson additional time to amend her complaint "to add such parties-defendant as [she] choose[s] to name." Doc. 19 at 2 (quotes omitted). Her original "complaint facially alleged that two state employees used excessive force against her, either to detain her or while she was already detained. Such a claim is cognizable under 42 U.S.C. § 1983." *Wilkerson v. State of Georgia*, 618 F. App'x 610, 611 (11th Cir. 2015). Seeking the identities of those two state employees, Wilkerson successfully moved for two subpoenas, one to "the

defendant's [sic] at the Bulloch County State Court to give her the name of Judge Gary Mikel's courtroom deputy who used excessive force against [her]," and the second "to command the Bulloch County Sheriff's Office to give the name[s]" of (1) the officer who took her to jail on December 17, 2013, and (2) the officer who "threatened plaintiff with a ta[ser] gun in court on December 19, 2013." Doc. 23 at 1-2 (citing doc. 20 at 1-2).

In granting that motion, the Court cautioned Wilkerson about following the procedural rules (particularly Fed. R. Civ. P. 45(b)(1), requiring her to tender witness fees and mileage and use personal, not by-mail, service and noted that it could not assist her. Doc. 23 at 5-6. It also gave her until November 13, 2015 to amend her Complaint. *Id.* at 6. That, the Court concluded, "gives her ample time to ascertain the identity of the parties she claims are liable to her, plus an additional month beyond that (until December 15, 2015) to serve them under Fed. R. Civ. P. 4." Doc. 23 at 6 n. 4. The Court also explained to plaintiff the difference between different subpoenas available to her.[1]

---

[1] It noted that:

[t]he Administrative Office of the United States Courts has developed form subpoenas for use by parties who are seeking either testimony or documents

2

The Court entered that Order on September 10, 2015. Doc. 23. On October 1, 2015, Wilkerson's subpoena targets -- Aneshia Hill and Annette Crosby -- moved to quash the AO-88 "hearing or trial" subpoenas that Wilkerson mailed to them. Doc. 24. Those subpoenas required the movants to appear at a "hearing or trial" inside Wilkerson's own Statesboro apartment on October 5, 2015. Doc. 24-4; *see also* doc. 24-1 at 1; doc. 24-2 at 1. The targets pointed out, *inter alia*, that Wilkerson had failed to comply with Rule 45's basic requirements (no fees tendered, used the mails rather than personal service, etc.). Doc. 24 at 2.

---

(or both). *See* Form AO 88 (subpoena to appear and testify at a hearing or trial in a civil action); Form AO 88A (subpoena to testify at a deposition); Form AO 88B (subpoena to produce documents, information, or objects or to permit inspection of premises). As there is no hearing or trial scheduled in this case, it is apparent that plaintiff is seeking either a subpoena to produce documents (Form AO 88B) or a subpoena to testify and produce documents at a deposition (Form AO 88A). But it is unclear which of these two subpoena forms plaintiff wishes to use. Because of the expense associated with an oral deposition . . . the Court presumes that plaintiff intends to use only a subpoena to produce documents (Form AO 88B). The Clerk, therefore, is DIRECTED to furnish Wilkerson with two Form AO 88B subpoenas, issued under the Clerk's signature but otherwise in blank. It is Wilkerson's obligation to fill out the two subpoenas and to serve them in compliance with Rule 45.

Doc. 23 at 4-5 (footnote omitted). The "09/10/15" docket entry fails to indicate which form the Clerk sent to Wilkerson, but what Wilkerson did use suggests she was sent form AO-88, rather than form AO-88B -- both of which, by the way, are publicly available at no cost: http://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/subpoena-produce-documents-information-or-objects-or-permit

In response, Wilkerson herself moved to quash her own subpoenas.[2] Doc. 26. She explains that she obtained from the Clerk two "AO 88 subpoenas":

> [r]equest[ing that] the defendants Annette Crosby and Aneshia Hill to appear and testify at a trial in this case when this court has not set a trial date. Plaintiff to [sic] thought that the text in these two Subpoena was inappropriate for the information that Plaintiff was seeking as to the names of officers at the Bulloch County Sheriff's Office and Judge Gary C. Mikel's courtroom deputy's name; however, she directed the subpoenas to the defendants anyway.

Doc. 26 at 1.

Wilkerson is right. Apparently, a deputy clerk ignored the Court's explicit instruction that she be furnished "with two Form AO 88B subpoenas" and instead sent her the wrong subpoena form. She thus wants two new subpoenas to try again. *Id.* ("Plaintiff request's two more correct Subpoenas AO 88B to produce documents, Information, or Objects, or to Permit Inspection of Premises"). The Court grants that request. The Clerk is directed to send her two **AO 88B** subpoenas, **not** AO 88 or AO 88A subpoenas. Meanwhile, the Court denies as moot Hill and Crosby's motion to quash (doc. 24) because it is granting that part of

---

[2] As her subpoena targets point out, this was unnecessary. It is sufficient to simply notify (in writing) a target that a subpoena is abandoned.

4

plaintiff's motion to "quash" her own subpoenas. Doc. 26. Those subpoenas are now quashed.[3]

With the Court's November 13, 2015 complaint-amendment deadline looming, Wilkerson again moves to extend it -- "due to false incarceration." Doc. 28 (filed Nov. 2, 2015). She insists that she has "been falsely incarcerated since October 14, 2015 without a bond" on trumped-up charges "because [the defendants] are trying to prevent her from subpoenaing the defendants so that she can't amend her complaint by November 13, 2015." Doc. 28 at 2. This motion is unopposed under Local Rule 7.5 because no response has been filed (not surprising, since there are no defendants in this case, only the subpoena targets who, as noted, moved to quash Wilkerson's first round of subpoenas). In any

---

[3] Although Wilkerson is a veteran *pro se* litigator, *see, e.g., Wilkerson v. Maxway Dep't Store*, 2009 WL 3481896 at * 1 (S.D. Ga. Oct. 28, 2009), and knows her way around the Court system, she is unschooled in the technical niceties of federal practice. The subpoena targets are urged to weigh the cost of demanding legal formalities versus that of volunteering, by way of a sworn affidavit mailed to plaintiff, what information is within their reach. This cost-benefit assessment may save both the targets and the public considerable trouble and expense. The Clerk is **DIRECTED** to serve a copy of this Order upon their counsel.

The Court denies as frivolous Wilkerson's request for sanctions against her subpoena targets. Doc. 26 at 1-2. Wilkerson used not only the wrong subpoena form, but also served them by mail, doc. 25, which she cannot do. *See* Rule 45(b).

event, and as is often the case with *pro se* litigants, Wilkerson does not specify a new deadline in her extension motion.

Taking an educated guess as to the amount of time that Wilkerson seeks, the Court grants her extension motion. Doc. 28. She must file her amended Complaint by no later than the close of business on January 15, 2016. The Court also grants her implied motion to extend Rule 4(m)'s deadline until that date, too.

To summarize, the Court **DENIES** as moot the motion of Aneshia Hill and Annette Crosby to quash plaintiff's subpoenas. Doc. 24. It also **GRANTS** in part and **DENIES** in part plaintiff Carol Wilkerson's Motion to Quash. Doc. 26. It also **GRANTS** her motion to extend. Doc. 28. Finally, the Clerk is **DIRECTED** to send her two **AO 88B** subpoenas with this Order. The Clerk shall also serve a copy of this Order upon counsel for Hill and Crosby.

**SO ORDERED**, this 9th day of December, 2015.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA